FILED

William A. Masters, II
18929 Vanowen St.
Reseda, CA 91335
818-325-9895
Wmandrews81@gmail.com

2018 OCT -9 PM 1: 26

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

CV18-8656 - MWF (AGRx)

| | |
|---|---|
| WILLIAM A. MASTERS, ) | Case No. |
| Pro Se Plaintiff ) | |
| vs. ) | |
| ) | **COMPLAINT FOR:** |
| XAVIER BECERRA ) | **CONSTITUTIONAL** |
| in his official capacity as ) | **DUE PROCESS** |
| the Attorney General of the ) | **VIOLATION** |
| State of California ) | |
| Defendant ) | |

The Defendant has taken the Plaintiff's Second Amendment Rights,

firearms, and other property without giving him a Procedural Due Process

hearing first.

End of Complaint

Dated: October 8, 2018

William A. Masters

Plaintiff in Pro Per

Complaint

## TABLE OF CONTENTS

1. Table of Contents................................................................. Page i

2. Table of Legislation........................................................" ii

3. Table of Authorities........................................................ " ii

4. Jurisdiction....................................................................... " 1

5. Venue................................................................................ " 1

6. Parties.............................................................................. " 1

7. First Cause of Action....................................................... " 2

8. Legislation.......................................................................... " 2

      Constitution of the United States of America, Amendment 14..... " 2

      Constitution of the United States of America, Amendment 2...... " 2

      California Constitution, article 1, Section 1.......................... " 3

      California Welfare and Institutions Code 8100(a).................... " 3

      California Welfare and Institutions Code 8100(b)(1)................. " 3

      California Welfare and Institutions Code 8102(a).................... " 4

      California Welfare and Institutions Code 8103(f)(1)................. " 4

      California Welfare and Institutions Code 8103(g)(1)................. " 5

9. Controlling Case Law......................................................... " 5

10. History.............................................................................. " 9

11. Argument........................................................................... " 10

MASTERS v OBAMA et al
ORIGINAL

12.  Summation.................................................................................  " 13

13.  Relief Requested.......................................................................  " 14

## TABLE OF LEGISLATION

Constitution of the United States of America, Amendment 14, Section 1.  "  2

Constitution of the United States of America, Amendment 2................."  2

California Constitution, Article 1, Section 1...................................."  3

California Welfare and institutions Code 8100(a)............................"  3

 California Welfare and institutions Code 8100(b)(1)........................"  3

California Welfare and institutions Code 8102(a)..........................."  4

California Welfare and institutions Code 8103(f)(1).........................."  4

California Welfare and institutions Code 8103(g)(1).........................."  5

## TABLE OF AUTHORITIES

Equitable Savings & Loan Ass'n. v. Superior Court, (App. 2 Dist. 1951)

 230 P.2d 119, hearing granted, certified question accepted............"  5

Cooke v. Cooke (App. 4 Dist. 1944) 65 Cal.App.2d 260, 150 P2d 514......."  5

Goss v. Lopez, U.S. Ohio 1975, 95 S.Ct. 729, 419 U.S. 565, 42 L.Ed.2d 725"  5

Lambert v. People of the State of California, U.S. 1957, 78 S.Ct. 240,

 355 U.S. 225, 2 L.Ed.2d 228, rehearing denied, 78 S.Ct. 410, 355 U.S. 937

 2 L.Ed.2d 419..................................................................."  6

MASTERS v OBAMA et al
                                                                   ORIGINAL

Palko v. State of Connecticut, U.S. Conn. 1937, 58 S.Ct. 149, 302 U.S. 319

    82 L.Ed. 288...…………………………………………………………." 6

Coe v. Armour Fertilizer Works, U.S. Fla. 1915, 35 S.Ct. 625, 237 U.S.413

    59 L.Ed. 1027………………………………………………………" 6

Marcus v. McCollum, CA 10 (Okla.) 2004. 394 F3d 813…………………" 7

Cotnior v. University of Maine Systems, C.A. 1 (Me.) 1994, 35 F3d 6……" 7

Amsden v. Moran, C.A. 1 (N.H.) 1990, 904 F.2d 748 Certiorari denied

    111 S.Ct. 713, 498 U.S. 1041, 112 L.Ed.2d 702………………………….." 7

Lawrence v. Reed, C.A. 10 (Wyo.) 2005 406 F3d 1224…………………...." 7

Patterson v. City of Utica, C.A. 2 (N.Y.) 2004, 370 F.3d 322……………." 7

DeBlasio v. Novello, C.A. 2 (N.Y.) 2003, 344 F.3d 292, certiorari denied

    124 S.Ct. 2018, 158 L.Ed.2d 492……………………………………." 8

Adamson v. City of Provo, Utah, D.Utah 1993, 819 F.Supp. 934……….." 8

Scott v. McCauthtry, E.D.Wis 1992, 810 F.Supp. 1015…………………..." 8

Arroyo Vista Partners v. Country of Santa Barbara, C.D.Cal. 1990,

    732 F.Supp. 1046…………………………………………………….." 8

National Ass'n. of Psychiatric Treatment Centers for Children v. Mendez,

    D.D.C. 1994, 857 F.Supp. 85………………………………………." 9

Comcast of California II, L.L.C. v City of San Jose, California, N.D.Cal

    2003, 286 F.Supp.2d 1241………………………………………….." 9

MASTERS v OBAMA et al
ORIGINAL

1    **JURISDICTION**

2       1.  This action is filed under Title 28 USC 1331, "federal questions";

3    •    The Constitution of the United States, Amendment Fourteen,

4        Procedural Due Process.

5    •    Constitution of the United States, Amendment Two, Right to Keep

6        and Bear Arms.

7    **VENUE**

8       2.  Venue is proper pursuant to 28 U.S.C. 1391 because the events

9    giving rise to this complaint happened in this district.

10   **PARTIES**

11      3.  Plaintiff:  William A. Masters  resides at 18929 Vanowen St.

12   Reseda, CA 91335.   (818) 325-9895.

13•     4.  Defendant:  Xavier Becerra, Attorney General of the State of

14   California, address:  Office of the Attorney General, 1300 "I" Street,

15   Sacramento, CA 95814-2919, (916) 445-9555.

16   ///

17   ///

18   ///

19   ///

1                                    COMPLAINT: MASTERS v. BECERRA
                                                          ORIGINAL

1    **<u>FIRST CAUSE OF ACTION</u>**

2        5.  The State of California has used legislation to strip me of my

3    Second Amendment Right to own, keep and carry firearms, without first

4    providing me with the Procedural Due Process hearing guaranteed me by the

5    Due Process Clause of the Fourteenth Amendment.

6    **<u>LEGISLATION</u>**

7    **Constitution of the United States of America, Amendment 14,**

8    **Section 1**:

9        6.  "All persons born or naturalized in the United States, and subject

10   to the jurisdiction thereof, are citizens of the United States and of the State

11   wherein they reside.  No State shall make or enforce any law which shall

12   abridge the privileges or immunities of citizens of the United States; nor

13   shall any State deprive any person of life, liberty, or property, without due

14   process of law; nor deny to any person within its jurisdiction the equal

15   protection of the laws."

16   **Constitution of the United States of America, Amendment 2**:

17       7.  "A well regulated militia being necessary to the security of  a free

18   state, the right of the people to keep and bear arms shall not be infringed."

19   ///

20   ///

2                                    COMPLAINT: MASTERS v. BECERRA
                                                          ORIGINAL

1        **California Constitution Article 1, Section 1**:

2        8. "All people are by nature free and independent and have

3    inalienable rights.  Among these are enjoying and defending life and liberty,

4    acquiring, possessing, and protecting property, and pursuing and obtaining

5    safety, happiness, and privacy."

6        **California Welfare and Institutions Code 8100 (a)**

7        9.  "A person shall not have in his or her possession or under his or

8    her custody or control, or purchase or receive, or attempt to purchase or

9    receive, any firearms whatsoever or any other deadly weapon, if on or after

10   January 1, 1992, he or she has been admitted to a facility and is receiving

11   inpatient treatment and in the opinion of the attending health professional

12   who is primarily responsible for the patients treatment of a mental disorder,

13   is a  danger to self or others, as specified by Section 5150, 5250 or 5300,

14   even though the patient has consented to that treatment.

15       **California Welfare and Institutions Code 8100(b)(1)**:

16       10. "A person shall not have in his or her possession or under his or

17   her custody or control, or purchase or receive, or attempt to purchase or

18   receive, any firearms whatsoever or any other deadly weapon for a period of

19   five years if, on or after January 1, 2014, he or she communicates to a

20   licensed psychotherapist, as defined in subdivisions (a) to (e), inclusive of

3                                              COMPLAINT: MASTERS v. BECERRA
                                               ORIGINAL

1    Section 1010 of the Evidence Code, a serious threat of physical violence

2    against a reasonably identifiable victim or victims."

3    **California Welfare and Institutions Code 8102(a)**

4       11.  "Whenever a person, who has been detained or apprehended for

5    examination of his or her mental condition or who is a person described in

6    Section 8100 or 8103, is found to own, have in his or her possession or

7    under his or her control, any firearm whatsoever, or any other deadly

8    weapon, the firearm or other deadly weapon shall be confiscated by any law

9    enforcement agency or peace officer, who shall retain custody of the firearm

10   or other deadly weapon."

11   **California Welfare and Institutions Code 8103(f)(1)**

12      12.  "No person who has been (A) taken into custody as provided in

13   Section 5150 because that person is a danger to himself, herself, or to others,

14   (B) assessed within the meaning of section 5151, and (C) admitted to a

15   designated facility within the meaning of Sections 5151 and 5152 because

16   that person is a danger to himself, herself, or others, shall own, possess,

17   control, received, or purchase, or attempt to own, possess, control, received,

18   or purchase any firearm for  period of five years. After the person is released

19   from the facility."

20   ///

4                                  COMPLAINT: MASTERS v. BECERRA
                                                        ORIGINAL

1    **California Welfare and Institutions Code 8103(g) (1)**

2    13. "No person who has been certified for intensive treatment under

3    Section 5250, 5260, or 5270.15 shall own, possess, control, receive, or

4    purchase, or attempt to own, possess, control, received, or purchase, any

5    firearm for a period of five years."

6                           **<u>CONTROLLING CASE LAW</u>**

7    14. "Legislature is without power to expropriate one's property

8    by mere legislative enactment, and Court has no power so to do

9    without notice and a hearing."

10   Equitable Savings & Loan Ass'n v. Superior Court, (App. 2 Dist.

11   1951) 230 P.2d 119, hearing granted, certified question accepted.

12   15. "The Legislature has no constitutional power to deprive a

13   person of property by means of a legislative enactment."

14   Cooke v. Cooke  (App. 4 Dist. 1944)  65 Cal.App.2d 260, 150 P2d

15   514.

16   16. "Cryptic and abstract words of this clause at a minimum

17   require that deprivation of life, liberty or property by adjudication be

18   preceded by notice and opportunity for hearing appropriate to the

19   nature of the case."

5                              COMPLAINT: MASTERS v. BECERRA
                                                    ORIGINAL

1    Goss v. Lopez, U.S. Ohio 1975, 95 S.Ct 729, 419 U.S. 565, 42 L.Ed.

2    2d 725.

3         17.  "Due process requires that notice be given before property

4    interests are disturbed, before assessments are made, and before

5    penalties are assessed."

6    Lambert v. People of the State of California, U.S. 1957,

7    78 S.Ct. 240, 355 U.S. 225, 2 L.Ed.2d 228, rehearing denied

8    78 S.Ct. 410, 355 U.S. 937, 2 L.Ed.2d 419.

9         18. "Due process of law', under this clause, requires that

10   condemnation shall be rendered only after trial, and that the hearing

11   must be a real one, and not a sham or pretense."

12   Palko v. State of Connecticut, U.S. Conn. 1937,  58 S.Ct. 149,

13   302 U.S. 319, 82 L.Ed. 288.

14        19.  "To one who protests against the taking of his property

15   without due process of law, it is no answer to say that in his particular

16   case due process of law would have led to the same result because he

17   had no adequate defense upon the merits."

18   Coe v. Armour Fertilizer Works, U.S. Fla. 1915, 35 S.Ct. 625,

19   237 U.S. 413, 59 L.Ed. 1027.

1    20. "Under the Fourteenth Amendment, procedural due process

2    requires notice and a pre-deprivation hearing before property interests

3    are negatively affected by governmental actors."

4    Marcus v. McCollum, CA 10 (Okla.) 2004. 394 F.3d 813.

5    21. "Procedural due process guarantees the affected individual

6    the right to some form of hearing, with notice and opportunity to be

7    heard, before individual is divested of protected interest."

8    Cotnoir v. University of Maine Systems, C.A.1 (Me.) 1994, 35 F.3d 6.

9    22. "Basic purport of constitutional requirement of "procedural

10   due process" is that, before a significant deprivation of liberty or

11   property takes place at the state's hands, affected individual must be

12   forewarned and afforded an opportunity to be heard at meaningful

13   time and in meaningful manner."

14   Amsden v. Moran, C.A. 1 (N.H.) 1990.  904 F.2d 748, certiorari

15   denied 111 S.Ct.713, 498 U.S. 1041, 112 L.Ed.2d 702.

16   23. "Some form of hearing is required before an individual is

17   finally deprived of a property interest by the government."

18   Lawrence v. Reed, C.A.10(Wyo.) 2005 406 F3d 1224.

19   24. "Due Process Clause requires that, generally, a person must

20   be afforded the opportunity for a hearing prior to being deprived of a

7                                COMPLAINT: MASTERS v. BECERRA
                                 ORIGINAL

1   constitutionally protected liberty or property interest."

2   Patterson v. City of Utica, C.A.2 (N.Y.) 2004, 370 F.3d 322.

3        25.  "Generally, due process requires that state afford persons

4   "some kind of hearing" prior to depriving them of a liberty or property

5   interest."

6   DeBlasio v. Novello, C.A.2 (N.Y.) 2003, 344 F.3d 292, certiorari

7   denied 124 S.Ct. 2018, 158 L.Ed.2d. 492.

8        26.  "Once property interest is found, government cannot

9   deprive individual of that interest without due process, which as

10  general rule, requires opportunity for some kind of hearing before

11  deprivation.

12  Adamson v. City of Provo, Utah, D.Utah 1993, 819 F.Supp. 934

13       27.  "Due process clause requires that hearing be held before

14  state deprives person of liberty or property.

15  Scott v. McCaughtry, E.D.Wis 1992, 810 F.Supp. 1015.

16       28.  "Ordinary, due process of law requires an opportunity for

17  some kind of hearing prior to the deprivation of a significant property

18  interest."

19  Arroyo Vista Partners v. County of Santa Barbara, C.D.Cal. 1990,

20  732 F.Supp. 1046.

8                           COMPLAINT: MASTERS v. BECERRA
                                           ORIGINAL

29.   "Due process requires that person be given notice and meaningful opportunity to be heard before being finally deprived of property interests."

National Ass'n of Psychiatric Treatment Centers for Children v Mendez, D.D.C. 1994, 857 F.Supp. 85.

30.  "An essential principle of due process is that a deprivation of life liberty or property be preceded by notice and opportunity for hearing appropriate to the nature of the case."

Comcast of California II, L.L.C. v City of San Jose, California, N.D.Cal 2003, 286 F.Supp.2d 1241.

## **HISTORY:**

31.  On February 24, 2018, Attorney General Xavier Becerra's Department of Justice sent me a letter informing me that I:

"…cannot possess, have under your custody or control, purchase or received, or attempt to purchase or received, any firearm whatsoever or any other deadly weapon for a period of five years." (Exhibit A) The Attorney General states that he is acting under the powers granted to him by California's "Welfare and Institutions Code" (WIC).  A Legislative enactment which specifically grants him the right to strip a citizen of their Second Amendment Rights without a Procedural Due Process hearing before

COMPLAINT: MASTERS v. BECERRA
ORIGINAL

1   any taking of right is performed by the State, and granting the Accused only

2   the right to appeal the State's action against them.

3                                    **ARGUMENT**

4          32.  The State of California has passed the following laws: 8100(a),

5   8100(b)(1), 8102(a), 8103(f)(1), and 8103(g)(1) that, while perhaps well

6   meaning attempts to protect society from people who may be mentally

7   unsound, grant the Executive Branch the unfettered power to strip away

8   Citizen rights under the Second Amendment of the Constitution of the

9   Unites States, with no Judicial oversight nor Due Process proceeding.   The

10  State has taken my property without warning nor indictment and hearing,

11  using mere legislative enactments in violation of the California Constitution

12  Article 1 Section 1, and the Constitution of the United States of America

13  Amendment Fourteen, Due Process Clause.

14         33.  This case is not about if the State has the right to seek to remove

15  dangerous weapons from those who are not mentally sound enough to be

16  trusted with them, of course it does, that is part of its duty to the Citizens.

17  This case challenges only on the method that State has adopted to do so.

18  Rather than the Constitutionally required method of providing the Accused

19  with Due Process before a Court of Law, the State has completely eliminated

20  Due Process entirely.

10                                    COMPLAINT: MASTERS v. BECERRA
                                                              ORIGINAL

1      34.  Rather than a Judge determining if a person is of sound mind

2    through a Due Process Hearing wherein the accused is represented by

3    council.  An Officer of the Executive Branch has been and given the power

4    of Judge, Jury, and Executioner.   The Judiciary has been done away with!

5    Due Process has been done away with!!  The right to council has been done

6    away with!!!  The Right to be heard has been done a way with!!!!   All rights

7    of an Accused has been swept away by the State herein.

8      35.  Not one vestige of Due Process has been given to these people,

9    nor to myself.  I was found guilty in absentia and stripped of my rights.  My

10   first Notice was the news that I no longer had Second Amendment Rights in

11   the State of California.

12     36.  Both the California Constitution Article 1, Section 1,  and the

13   Fourteenth Amendment bar the States from taking personal property, life,

14   liberty, and rights without first providing the Accused an opportunity to

15   defend themselves at a Due Process Hearing before their rights are taken.

16     37.  The State of California grants a person the right to Appeal WIC

17   firearms prohibitions and so claims, as the State of Texas did in

18   ARMSTRONG v. MANZO (380 U.S. 545 (1965)) holding that, whatever

19   infirmity resulted from the failure to give the Plaintiff herein, notice and

20   opportunity to be heard before loss of Second Amendment rights, was cured

1    upon an Appeal hearing.   As the Supreme Court held in Armstrong v.

2    Manzo, this is not so.

3         38.  An Appellant stands in a greatly diminished position than that of

4    an Accused, who is innocent until proven guilty and vested with all of his

5    rights as opposed to an Appellant who has already lost his right(s) and is a

6    guilty man fighting under the burden of Proof to prove his innocents.  In this

7    case, the burden is even greater than in Armstrong… if the Plaintiff herein

8    had been indicted by the State of California and tried, the State would have

9    been forced to give him a panoply of rights and protections denied to him in

10   the appeal.

11        39.  Most importantly as a Defendant in the State Court the Plaintiff

12   would have been given, at the public expense, a Public Defender to represent

13   him.  Further, this Public Defender would have had at his disposal the public

14   purse to hire expert witnesses, the cost of which is far beyond the Plaintiff's

15   financial capabilities.

16        40.  It is well noted in the law, and cases histories, that a lay-person is

17   ill equipped to represent himself in a legal proceeding, and therefore is at

18   great disadvantage when forced by the State to stand alone and represent

19   himself in matters where life, liberty and rights hang in the balance.

20   \\\

12                          COMPLAINT: MASTERS v. BECERRA
                                               ORIGINAL

1    41.  The State's own Courts have held that the State may not take

2    property by legislative act, and that the Courts have no power to uphold such

3    legislation.  Only a Court of Law, after a Due Process Proceeding, may find

4    a citizen guilty and take the Defendant's rights away.

5    42.  Yet here stands the State of California, holding its breath and

6    stamping its feet like a petulant child while it openly violates its own highest

7    laws  decades after this question of Due Process was settled, both by the

8    highest Courts of the State of California as well as by the Federal Courts and

9    the United States Supreme Court.

10                              **SUMMATION**

11   43.  The State of California in stripping a Citizen of the United States

12   of his Second Amendment rights to Keep and Bear Arms without first

13   providing a Due process Hearing in violation of all Court rulings on the

14   subject of Procedural Due Process under the Fourteenth Amendment, as well

15   as the California Constitution Article 1, Section 1.

16   44.  There are no question with regards to what Procedural Due

17   Process protects.  The question has been answered a hundred times by our

18   Courts.  No person my be deprived of his life, liberty, or property without

19   first being granted a Due Process hearing.

20   \\\

13                          COMPLAINT: MASTERS v. BECERRA
                                              ORIGINAL

**RELIEF REQUESTED**

45.  That the Court rule the State of California's Welfare and Institutions Code Sections:  8100(a), 8100(b)(1), 8102(a), 8103(f)(1), and 8103(g)(1) unconstitutional, and order its removal from the California Code.

46.  That the Court order Attorney General Xavier Becerra to remove the firearms prohibition placed upon Mr. Masters.

47.    That the Court order the Attorney General to remove all other firearms prohibitions that are currently placed upon Citizens of the State of California.

48.  That Court order the State of California to inform all persons who are now burdened by such a firearms prohibition that this Court has declared the above Welfare and Institutions Codes are unconstitutional and that they are free to Keep and Bear arms if they wish.

49.  That the court order the State to return all confiscated property taken under the rubric of the above legislative enactments; or where in the State no longer has the property, to replace the property with identical property, or the purchase price of the confiscated property.

Date Signed: October 8, 2018

William A. Masters, Plaintiff in Pro Se

14                              COMPLAINT: MASTERS v. BECERRA
                                ORIGINAL

*My Copy*

**XAVIER BECERRA**
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**



**DIVISION OF LAW ENFORCEMENT**
**Bureau of Firearms**
P.O. Box 168048
Sacramento, CA 95816-8048
Public: (916) 227-7550
Facsimile: (916) 227-1021

February 24, 2018

William Master
18929 Vanowen St
Reseda, CA 91335

RE:  Law Enforcement Report of Firearms Prohibition

Dear William Master:

The California Department of Justice is in receipt of a Law Enforcement Report of Firearms Prohibition from the LAPD MENTAL EVAL UNIT. Accordingly, you are hereby notified that pursuant to Welfare and Institutions Code section 8100, subdivision (b)(1) you cannot possess, have under your custody or control, purchase or receive, or attempt to purchase or receive, any firearm whatsoever or any other deadly weapon for a period of five years. The five-year firearm prohibition began February 23, 2018 and will expire February 23, 2023.

Pursuant to Welfare and Institutions Code section 8100, subdivision (b)(3)(A) you may petition the superior court in the county of your residence for an order that you may own, possess, have custody or control over, receive, or purchase firearms. If the court finds by a preponderance of evidence that you would be likely to use firearms in a safe and lawful manner, the court may restore your right to own, control, receive, possess, or purchase firearms.

For your reference, copies of Welfare and Institutions Code section 8100, subdivision (b)(1), (b)(2), and (b)(3)(A) are enclosed with this notification. If you have any questions, please contact the Bureau of Firearms at the number listed above.

Sincerely,

Prohibition Reporting Unit
Bureau of Firearms

For   XAVIER BECERRA
Attorney General

BOF/MH-0001